IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| MARK WILLIAM PETERS, ) | |
| ) | CASE NO. BK18-81151 |
| Debtor(s). ) | A18-8327 |
| MARK WILLIAM PETERS, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 13 |
| ) | |
| vs. ) | |
| ) | |
| LIBERT LAND HOLDINGS 16, LLC, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on cross-motions for summary judgment by the plaintiff-debtor (Fil. No. 10) and the defendant (Fil. No. 11). Gerald D. Johnson represents the debtor, and Andrew R. Biehl and Craig A. Knickrehm represent the defendant. The defendant has filed evidence and a brief and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motions were taken under advisement without oral arguments.

The debtor filed this adversary proceeding to set aside as a fraudulent transfer the treasurer's tax deed issued to the defendant on the debtor's residence because the defendant paid less than reasonably equivalent value to acquire the property.

For the reasons explained below, the debtor's motion is denied and the defendant's motion is granted.

In February 2015, the Douglas County Treasurer published a notice of tax sale of real estate for delinquent taxes and special assessments. One of the parcels listed was Lot 11, Block 29, in Maple Village, a subdivision as surveyed, platted and recorded in Douglas County, Nebraska. which is commonly known as 4222 North 100th Street, Omaha, Nebraska. The debtor owned and lived in this property.

At the tax sale, Libert Land Holdings 16, LLC, purchased a one-hundred percent interest in the property for $13,000 – the amount of the delinquent property taxes – plus interest and costs, and received a tax sale certificate for the parcel.

After the three-year statutory redemption period, Libert Land gave the required notices, presented the tax certificate to the county treasurer, and received a treasurer's deed conveying the property. Libert Land recorded the deed on July 24, 2018.

The debtor filed a Chapter 13 bankruptcy petition on August 7, 2018, and initiated this adversary proceeding on October 16, 2018.

The facts of this matter are not in dispute. The case presents solely a legal issue as to whether a transfer of real property via a treasurer's deed after a tax sale is a fraudulent transfer under § 548(a)(1)(B) of the Bankruptcy Code.

Section 548(a)(1)(B) permits a trustee to recover certain transfers regardless of the transferor's intent, so long as the debtor received less than reasonably equivalent value for the transfer and was in a fragile financial state. 5 *Collier on Bankruptcy* ¶ 548.05.

The first issue which must be addressed is the debtor's standing to bring this adversary proceeding. The avoidance powers of § 548 are reserved exclusively to trustees. *Nangle v. Lauer (In re Lauer)*, 98 F.3d 378, 388 (8th Cir. 1996) ("Section 548 by its terms provides that certain transfers by the debtor prior to bankruptcy may be voided only by 'the trustee.'").

Nevertheless, the Bankruptcy Code does permit debtors to exercise the powers of the trustee in limited circumstances. One of those situations is found in § 522(h), which allows a debtor to avoid a transfer of the debtor's property "to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer. . . ." *LaBarge v. Benda (In re Merrifield)*, 214 B.R. 362, 365 (B.A.P. 8th Cir. 1997).

> Therefore, a debtor has standing to bring an avoidance action under § 522(h) when:
>
> (1) the debtor's transfer of property was involuntary; (2) the debtor did not conceal the property; (3) the trustee did not attempt to avoid the transfer; (4) the debtor seeks to exercise an avoidance power enumerated under § 522(h); and (5) the transferred property could have been exempted if the trustee had avoided the transfer under the provisions of § 522(g).

*McCarthy v. Brevik Law (In re McCarthy)*, 501 B.R. 89, 91-92 (B.A.P. 8th Cir. 2013) (citing *Merrifield* and *DeMarah v. United States (In re DeMarah)*, 62 F.3d 1248, 1250 (9th Cir. 1995)).

Because the debtor meets all five of the factors listed above, I find he has standing to pursue this avoidance action.

Before getting into the merits of the proceeding, a bit of background on the underlying transaction might be helpful to the reader. A recent Nebraska Supreme Court decision described the statutory basis for tax sales and the manner in which they are conducted. I quote extensively from it here to establish the necessary framework for the matters to be discussed in this opinion:

> The purchaser of any real property sold by the county treasurer for taxes is entitled to a certificate in writing, commonly known as a tax certificate or tax sale certificate. This certificate represents a transfer of the state's lien on the property to the purchaser

and describes the property, the amount paid by the purchaser, and the date that the purchaser will be entitled to a deed. . . .

A property owner may redeem his or her property by paying the county treasurer the amount shown on the certificate and all subsequent taxes, along with the interest accrued thereon and any statutory costs. If the property is not redeemed within 3 years, however, the tax certificate holder may pursue either one of two options: (1) apply for a deed of conveyance for the property, commonly known as a tax deed, with the county treasurer or (2) proceed in district court to foreclosure on its lien and compel the sale of the property. Tax sale certificates and the sale of tax certificates are governed by chapter 77, article 18, of the Nebraska Revised Statutes, and the foreclosure of tax certificates is governed by chapter 77, article 19, of the Nebraska Revised Statutes for all tax sale certificates sold and issued between January 1, 2010, and December 31, 2017.

Vandelay elected to pursue the tax deed method. Under this method, the holder of the tax certificate has a 6-month period, commencing 3 years from the date of the sale of the property, to apply for a tax deed from the county treasurer. Upon a county treasurer's delivery of the tax deed to the tax certificate holder, a property owner loses the ability to redeem the property through the county treasurer. If the certificate holder waits longer than 3 years 6 months from the sale to apply for a tax deed, the certificate ceases to be valid and the lien of taxes for which the property was sold is discharged. However, at least 3 months before applying for the tax deed, the holder of the tax certificate must serve the record owner and encumbrancers of record with sufficient notice that application for a tax deed will be made.

After a tax deed has been issued, the owner of the property may recover the property by proving the tax deed issued to the tax certificate holder is either void or voidable. A tax deed is void if the tax certificate holder did not substantially comply with the notice requirements. A tax deed is voidable if the property owner has a right to redeem the property and has exercised such right. While a property owner's ability to redeem property typically ends upon the delivery of a tax deed, an owner with a mental disorder at the time of the property's sale may redeem the property within 5 years from the date of the sale.

*Wisner v. Vandelay Inv., L.L.C.*, 916 N.W.2d 698, 708-09 (Neb. 2018) (footnotes omitted).[1]

Turning now to the crux of the case and whether the transfer under the treasurer's deed is avoidable, the trustee/debtor must prove, by a preponderance of the evidence, the following elements in order to prevail under § 548(a)(1)(B):

---

[1]This case led to legislative revision of these procedures, *see* 2019 Neb. Laws L.B. 463, which will go into effect in September 2019. The laws currently in effect apply to the case at bar.

> (1) an interest of the debtor in property; (2) was voluntarily or involuntarily transferred; (3) within [two years] of filing bankruptcy; (4) where the debtor received less than reasonably equivalent value; and (5) debtor was insolvent at the time of the transfer or became insolvent as a result thereof.

*Sullivan v. Welsh (In re Lumbar)*, 457 B.R. 748, 753 (B.A.P. 8th Cir. 2011). A "transfer" includes the foreclosure of the debtor's equity of redemption. 11 U.S.C. § 101(54)(C).

The only issue raised by the debtor is that he did not receive reasonably equivalent value in exchange for the transfer.[2] The debtor does not allege the tax sale process was improper, or that any other element of § 548(a)(1)(B) was not met. He has not submitted any evidence in support of his position. *See* Neb. R. Bankr. P. 7056-1(B) ("The moving party shall contemporaneously file a brief in support of the motion. The moving party shall also contemporaneously file the evidentiary materials upon which the party is relying, or identify any previously filed evidentiary materials upon which the party is relying.").

The debtor's argument may be novel in this court, but it has been raised in other jurisdictions. The majority of those jurisdictions, and in particular those located within the Eighth Circuit, have disagreed with the debtors and found the transfers of property for the price paid at tax sales were exchanges for reasonably equivalent value and thus were not fraudulent. *See Johnson v. Davis (In re Johnson)*, 1999 WL 35020208 (Bankr. S.D. Iowa Aug. 25, 1999), and cases cited therein, and *Russell-Polk v. Bradley (In re Russell-Polk)*, 200 B.R. 218 (Bankr. E.D. Mo. 1998).

In *Johnson* and *Russell-Polk*, the bankruptcy courts compared their states' tax sale laws to the laws concerning mortgage foreclosure sales, which had been held by the United States Supreme Court to satisfy the requirement in § 548 that transfers of property be in exchange for reasonably equivalent value. *BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994). In both cases, the bankruptcy courts ruled that forced tax sales, while yielding a purchase price significantly lower than fair market value, nevertheless provided reasonably equivalent value and were not fraudulent transfers.

The tax sale procedures in Iowa and Missouri are substantially similar to those in Nebraska. Nebraska's tax sale statutes provide at least as much, if not more, protection than the non-judicial foreclosure statutes. The notice requirements and bidding procedures are more stringent, and the owner has a right of redemption in a tax sale.

While the debtor may feel that losing his home for $13,000 in delinquent taxes is hardly reasonable or equivalent to its value on the market, the Supreme Court made it clear that "reasonably equivalent value" in a forced sale means the price received as long as all the state legal requirements

---

[2]In debtor's motion for summary judgment, debtor makes reference to the Constitutional protections of due process of the law and the prohibition against taking private property for a public purpose without just compensation. Neither issue was raised in debtor's complaint in this adversary proceeding, nor did debtor file a brief or further elaborate on these references. Accordingly, these issues will not be addressed.

have been met. *BFP v. Resolution Trust Corp.*, 511 U.S. at 545. No evidence has been provided – nor any argument made – that the tax sale was in any way suspect, or that Libert Land obtained the treasurer's deed in any manner that was not above-board and in compliance with state law.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

There is no evidence before the court to support the debtor's argument that the treasurer's deed should be set aside as a fraudulent transfer. Accordingly, the debtor's motion for summary judgment is denied, and Libert Land's motion for summary judgment is granted.

IT IS ORDERED: The plaintiff-debtor's motion for summary judgment (Fil. No. 10) is denied. The defendant's motion for summary judgment (Fil. No. 11) is granted. Separate judgment will be entered.

DATED: April 23, 2019

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Gerald D. Johnson
    *Andrew R. Biehl
    *Craig A. Knickrehm
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.